IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-141-BO-KS

| | | |
|---|---|---|
| STEPHANIE DRENOVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAKE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on two memorandum and recommendations (M&R) entered by United States Magistrate Judge Kimberly A. Swank. [DE 5]; [DE 11]. Magistrate Judge Swank recommends, among other things, that, to the extent plaintiff has named an individual, Ashley Waters, as a defendant, the claim against Waters should be dismissed as there is no individual liability under the Americans with Disabilities Act. [DE 11] p. 3. Plaintiff has objected to the M&R at [DE 5] and has failed to object within the time provided to the M&R at [DE 11].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the

court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

First, the Court determines that the M&R at [DE 5], which addressed plaintiff's motion to proceed *in forma pauperis* prior to the motion being amended, is moot. Second, no objection to the M&R at [DE 11] has been filed. The Court has reviewed the M&R at [DE 11] for clear error and finds none. The M&R at [DE 11] is adopted in full.

CONCLUSION

Accordingly, for the foregoing reasons, the M&R at [DE 5] is rejected as MOOT. The M&R at [DE 11] is ADOPTED IN FULL. Insofar as any claim has been alleged against Ashley Waters, such claim is DISMISSED.

As plaintiff has been granted *in forma pauperis* status, [DE 10], the clerk is DIRECTED to issue the summons prepared by plaintiff and provide a copy of the complaint, the issued summons, the order at [DE 10], and this order to the United States Marshal for service.

SO ORDERED, this 26 day of October 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE